**\*\*NOT FOR PRINTED PUBLICATION\*\***

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| RONDA BROWN and CHARLES SHEAD, | § § § | |
| *Plaintiffs,* | § § | |
| v. | § § | Case No. 4:12cv371 |
| DALLAS CREDITORS SERVICES, INC. and CHARLES ARMSTRONG, | § § § § | (Judge Clark/Judge Mazzant) |
| *Defendants.* | § | |

**ORDER ADOPTING REPORT AND
RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE**

Came on for consideration the report of the United States Magistrate Judge in this action, this matter having been heretofore referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636. On March 20, 2013, the report of the Magistrate Judge was entered containing proposed findings of fact and recommendations that plaintiffs' Motion for Entry of Default Judgment Against Defendant Charles Armstrong [Dkt. #15] and plaintiffs' Motion for Entry of Default Judgment Against Defendant Dallas Creditors Services, Inc. [Dkt. #16] be granted.

Having received the report of the United States Magistrate Judge, and no objections thereto having been timely filed, this court is of the opinion that the findings and conclusions of the Magistrate Judge are correct and adopts the Magistrate Judge's report as the findings and conclusions of the court. The Magistrate Judge did find that plaintiffs were entitled to attorney's fees from defendants, but no affidavits were submitted to support such an award. Plaintiffs filed an affidavit seeking $4,000 in attorney's fees. It is the fee applicant's burden to provide the court with

documentation of the hours expended and a simple affidavit does not suffice. *Von Clark v. Butler*, 916 F.2d 255, 258 (5th Cir. 1990); *Hensley v. Eckerhart*, 461 U.S. 424, 433-34 (1983); *Watkins v. Fordice*, 7 F.3d 453, 457 (5th Cir. 1993). Absent a reliable record of the time expended, the court has discretion to determine a reasonable number of hours that should have been expended. *Watkins*, 7 F.3d at 457. In this case, plaintiffs only submitted a simple affidavit with no time records, which the court finds does not meet their burden of providing documentation to justify the number of hours sought. As such, the court will make its own determination. This was a simple matter that required a complaint to be filed and a motion for default judgment to be filed. In light of the straightforward nature of the dispute, the court is of the opinion that 12 hours is a reasonable amount of time expended, at a rate of $250 per hour.

It is, therefore, **ORDERED** that plaintiffs' Motion for Entry of Default Judgment Against Defendant Charles Armstrong [Dkt. #15] and plaintiffs' Motion for Entry of Default Judgment Against Defendant Dallas Creditors Services, Inc. [Dkt. #16] are granted.

It is further **ORDERED**:

1. That Judgment by default is entered in favor of plaintiffs and against Dallas Creditors Services, Inc. and defendant Charles Armstrong.

2. That each plaintiff shall recover statutory damages of one thousand dollars ($1,000.00). *See* 15 U.S.C. § 1692k(a)(2)(A). The maximum amount of $1,000 is per action, not per violation for each plaintiff.

3. That plaintiffs recover their attorneys' fees in the amount of $3,000.00 from defendants.

4. That plaintiffs recover court costs of $515.

The Clerk is directed to **CLOSE** this civil action.

So **ORDERED** and **SIGNED** this 3 day of **July, 2013.**

2

Ron Clark, United States District Judge